1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

LORRAINE LONIAN,                    )    Case No. EDCV 10-530 JC
                                     )
12                    Plaintiff,     )
                                     )    MEMORANDUM OPINION
13          v.                       )
                                     )
14                                   )
    MICHAEL J. ASTRUE,               )
15  Commissioner of Social           )
    Security,                        )
16                                   )
                     Defendant.      )
17  _____  )

18

19  **I.    SUMMARY**

20          On April 21, 2010, plaintiff Lorraine Lonian ("plaintiff") filed a Complaint

21  seeking review of the Commissioner of Social Security's denial of plaintiff's

22  application for benefits.  The parties have consented to proceed before a United

23  States Magistrate Judge.

24          This matter is before the Court on the parties' cross motions for summary

25  judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

26  Court has taken both motions under submission without oral argument.  See Fed.

27  R. Civ. P. 78; L.R. 7-15; April 26, 2010 Case Management Order ¶ 5.

28  ///

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is AFFIRMED. The findings of the Administrative Law Judge

3    ("ALJ") are supported by substantial evidence and are free from material error.[1]

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On August 10, 2006, plaintiff filed an application for Supplemental Security

7    Income benefits.  (Administrative Record ("AR") 59-61).  Plaintiff asserted that

8    she became disabled on July 24, 1991, due to a dislocated left shoulder, back

9    problems, a "mass on right side," and hypertension.  (AR 88).  The ALJ examined

10   the medical record and heard testimony from plaintiff, who was represented by

11   counsel, on June 19, 2008.  (AR 18-26).

12   On August 14, 2008, the ALJ determined that plaintiff was not disabled

13   through the date of the decision.  (AR 10-16).  Specifically, the ALJ found:

14   (1) plaintiff suffered from the following severe combination of impairments:

15   poorly controlled hypertension without end organ disease; history of uterine

16   fibroids, status post uterine artery embolization; history of left shoulder

17   dislocation; back pain; multiple joint pain; and cocaine abuse and dependence, in

18   remission by history with mild substance induced mood disorder (AR 12);

19   (2) plaintiff's impairments, considered singly or in combination, did not meet or

20   medically equal one of the listed impairments (AR 13); (3) plaintiff retained the

21   residual functional capacity to perform light work "except frequent climbing,

22   balancing, stooping, crouching, kneeling, or crawling and avoiding exposure to

23   hazards such as unprotected heights and dangerous machinery" (AR 13);

24   (4) plaintiff has no past relevant work (AR 15); and (5) there are jobs that exist in

25

26   _____

27   [1]The harmless error rule applies to the review of administrative decisions regarding
     disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196

28   (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social
     Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of
     application of harmless error standard in social security cases).

significant numbers in the national economy that plaintiff can perform (AR 15).
The Appeals Council denied plaintiff's application for review.  (AR 1-3).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit her ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

(4)   Does the claimant possess the residual functional capacity to perform her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

///

3

1      (5)    Does the claimant's residual functional capacity, when

2              considered with the claimant's age, education, and work

3              experience, allow her to adjust to other work that exists in

4              significant numbers in the national economy?  If so, the

5              claimant is not disabled.  If not, the claimant is disabled.

6  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

7  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden

8  of proof at steps one through four, and the Commissioner has the burden of proof

9  at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001)

10  (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant

11  carries initial burden of proving disability).

12      **B.**    **Standard of Review**

13      Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

14  benefits only if it is not supported by substantial evidence or if it is based on legal

15  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

16  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

17  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

18  mind might accept as adequate to support a conclusion."  Richardson v. Perales,

19  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

20  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

21  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

22      To determine whether substantial evidence supports a finding, a court must

23  "'consider the record as a whole, weighing both evidence that supports and

24  evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.

25  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

26  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

27  or reversing the ALJ's conclusion, a court may not substitute its judgment for that

28  of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

1  **IV.    DISCUSSION**

2      **A.    Lay Witness Evidence**

3          Plaintiff contends that a remand is warranted because the ALJ failed

4  properly to consider a letter submitted by two third parties, a substance abuse

5  counselor and a clinical supervisor at a residential treatment program in which

6  plaintiff had participated.  (Plaintiff's Motion at 1-3).  The Court disagrees.

7          **1.    Pertinent Law**

8          Lay testimony as to a claimant's symptoms is competent evidence that an

9  ALJ must take into account, unless he expressly determines to disregard such

10  testimony and gives reasons germane to each witness for doing so.  Stout, 454

11  F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir.

12  2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay

13  witness testimony in discussion of findings) (citation omitted); Regennitter v.

14  Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir.

15  1999) (testimony by lay witness who has observed claimant is important source of

16  information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462,

17  1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how

18  impairment affects ability to work is competent evidence and therefore cannot be

19  disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d

20  1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical

21  sources, e.g., lay witnesses, as to how impairment affects claimant's ability to

22  work).  The standards discussed in these authorities appear equally applicable to

23  written statements.  Cf. Schneider v. Commissioner of Social Security

24  Administration, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to

25  consider letters submitted by claimant's friends and ex-employers in evaluating

26  severity of claimant's functional limitations).

27          In cases in which "the ALJ's error lies in a failure to properly discuss

28  competent lay testimony favorable to the claimant, a reviewing court cannot

1  consider the error harmless unless it can confidently conclude that no reasonable

2  ALJ, when fully crediting the testimony, could have reached a different disability

3  determination." <u>Robbins</u>, 466 F.3d at 885 (quoting <u>Stout</u>, 454 F.3d at 1055-56).

4         **2.**    **Analysis**

5       The ALJ did not discuss a letter dated December 5, 2006, written by two

6  employees at a residential treatment program in which plaintiff had participated,

7  Danette Neisinger, a substance abuse counselor, and Randall Walker, a clinical

8  supervisor.  Plaintiff emphasizes that the letter raises concerns about her potential

9  mental limitations.[2]  (Plaintiff's Motion at 2-3).  Among other things, the letter

10  recites that "[s]taff members are concerned that [plaintiff] may have an

11  undiagnosed learning disability due to her apparent difficulty with comprehension.

12  She appears to struggle to follow directions and experiences difficulty accepting

13  feedback from staff and peers. . . . [H]er past substance abuse may be exacerbating

14  her current[] medical conditions."  (AR 193).  These statements are similar to

15  plaintiff's own testimony that she has concentration problems and "trouble being

16  around people."  (AR 22).  Because the ALJ rejected plaintiff's credibility (AR 14-

17  15) – a finding that plaintiff does not challenge – "it follows that the ALJ also

18  gave germane reasons" for rejecting these lay witness statements.  <u>See</u> <u>Valentine v.</u>

19  <u>Commissioner, Social Security Administration</u>, 574 F.3d 685, 694 (9th Cir. 2009).

20  Moreover, the examining psychiatrist concluded in January 2007 that plaintiff's

21  "psychiatric limitations range from none to mild" and her "occupational and social

22  functioning is none to mild[ly] impair[ed]."  (AR 217).  Any error in failing to

23  discuss the mental concerns raised by the December 2006 letter was therefore

24  harmless.  A remand on this basis is not warranted.

25  ///

26  ///

27  ///

28

---

[2]Plaintiff does not challenge the ALJ's findings as to her physical limitations.

**B.    Mental Residual Functional Capacity**

Plaintiff contends that the ALJ's failure to include any mental limitations in her residual functional capacity warrants remand.  (Plaintiff's Motion at 3-5).  The Court concludes that the ALJ's error was harmless.

It is undisputed that the ALJ did not include any mental limitations in plaintiff's residual functional capacity.  (AR 13-15).  However, as plaintiff points out, an examining psychiatrist and a non-examining State agency physician assessed plaintiff with mental limitations.  (Plaintiff's Motion at 3-4).  Examining psychiatrist Dr. Abejuela found that plaintiff's "concentration, persistence and pace are slightly impaired"; her "ability to understand, carry out, and remember complex instructions is mildly impaired"; her "response to coworkers and supervisors, and the public is slightly impaired"; her "ability to respond appropriately to usual work situations is slightly impaired"; and her "ability to deal with changes in a routine work setting is slightly impaired." (AR 217).  Non-examining physician Dr. Gregg agreed that plaintiff experienced mild limitations in "maintaining social functioning" and "maintaining concentration, persistence, or pace." (AR 227; see AR 230).  However, both Dr. Abejuela and Dr. Gregg concluded that plaintiff's mental limitations were not significant.  Dr. Abejuela wrote that plaintiff has "none to mild impairment" in "occupational and social functioning"; "[t]here is no mental restriction in [plaintiff's] daily activities"; and "[o]verall, [plaintiff's] psychiatric limitations range from none to mild." (AR 217).  Dr. Abejuela also opined that plaintiff's "psychiatric symptoms should abate in the next few months." (AR 218).  Dr. Gregg agreed with a State agency consultant's conclusion that plaintiff's psychiatric impairment was "[n]on-severe." (AR 230; see AR 229).  Because these physicians believed that plaintiff's mental limitations were mild and would not preclude her from functioning in the workplace, the ALJ's failure to include mental limitations in plaintiff's residual functional capacity was harmless error.  See Stout, 454 F.3d at 1044 (harmless

1  error if "inconsequential to the ultimate disability determination").  A remand on

2  this basis is not warranted.

3  **C.     Step Five Determination**

4      Finally, plaintiff argues that the ALJ erred at step five by failing to consider

5  the combined effects of her mental, non-exertional, and exertional limitations.

6  (Plaintiff's Motion at 5-6).  The Court disagrees.

7  **1.     Pertinent Law**

8      At step five of the sequential analysis, the Commissioner has the burden to

9  demonstrate that the claimant can perform some other work that exists in

10  "significant numbers" in the national economy (whether in the region where the

11  claimant lives or in several regions of the country), taking into account the

12  claimant's residual functional capacity, age, education, and work experience.

13  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C.

14  § 423(d)(2)(A).  The Commissioner may satisfy this burden, depending upon the

15  circumstances, by the testimony of a vocational expert or by reference to the

16  Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P,

17  Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d

18  1157, 1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-01).

19      When a claimant suffers only exertional (strength-related)  limitations, the

20  ALJ must consult the Grids.  Lounsburry v. Barnhart, 468 F.3d 1111, 1115 (9th

21  Cir.), as amended (2006).  When a claimant suffers only non-exertional

22  limitations, the Grids are inappropriate and the ALJ must rely on other evidence.

23  Id.  When a claimant suffers from both exertional and nonexertional limitations,

24  the ALJ must first determine whether the Grids mandate a finding of disability

25  with respect to exertional limitations.  See Lounsburry, 468 F.3d at 1116; Cooper

26  v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).  If so, the claimant must be

27  awarded benefits.  Cooper, 880 F.2d at 1155.  If not, and if the claimant suffers

28  from significant and sufficiently severe non-exertional limitations, not accounted

1   for in the Grids, the ALJ must take the testimony of a vocational expert.  <u>Hoopai v.</u>
2   <u>Astrue</u>, 499 F.3d 1071, 1076 (9th Cir. 2007).  Vocational expert testimony is
3   required only if the non-exertional limitations are at a sufficient level of severity to
4   make the Grids inapplicable to the particular case.  The severity of limitations at
5   step five that would require use of a vocational expert must be greater than the
6   severity of impairments determined at step two.  <u>Id.</u>

7            **2.    Analysis**

8            In this case, the ALJ relied on the Grids to support his step five
9   determination that plaintiff was not disabled.  (AR 15-16).  The ALJ correctly
10  noted that Medical-Vocational Rules 202.17 and 202.20 would mandate a finding
11  of "not disabled" if plaintiff retained the residual functional capacity to perform
12  the full range of light work.  (AR 15; 20 C.F.R. Part 404, Subpart P, Appendix 2,
13  § 202.00).  The ALJ also determined that "the additional postural limitations are
14  very slight limitations and would have little or no effect on the occupational base
15  of unskilled light work," and that "any mental limitations [plaintiff] may have are
16  likewise very slight and would not prevent the performance of unskilled light
17  work."  (AR 15-16).  Substantial evidence supports the ALJ's conclusion that
18  vocational expert testimony was therefore not required.

19          The ALJ properly determined that plaintiff's postural limitations – the
20  capacity for "frequent climbing, balancing, stooping, crouching, kneeling, or
21  crawling" (AR 13) – were not sufficiently severe to require vocational expert
22  testimony.  The Grids provide that "[t]he functional capacity to perform a wide or
23  full range of light work represents substantial work capability compatible with
24  making a work adjustment to substantial numbers of unskilled jobs, and, thus,
25  generally provides sufficient occupational mobility even for severely impaired
26  individuals who are not of advanced age and have sufficient educational
27  competencies for unskilled work."  20 C.F.R. Part 404, Subpart P, Appendix 2,
28  § 202.00(b).  Plaintiff's mild postural limitations cannot be said to deprive her of

the functional capacity to perform a wide range of light work.  Moreover, an individual capable of performing light work is also capable of performing sedentary work (in the absence of limiting factors not present here), as noted in the Grids.  20 C.F.R. § 416.967(b); id. Part 404, Subpart P, Appendix 2, § 202.00(a). Therefore, the ALJ did not err by concluding that plaintiff's non-exertional limitations were insufficiently severe to warrant vocational expert testimony.  See Social Security Ruling ("SSR") 96-9p[3] (noting that postural limitations related to climbing, balancing, kneeling, crouching, or crawling "would not usually erode the occupational base for a full range of unskilled sedentary work" and that "restriction to occasional stooping" would "only minimally erode the unskilled occupational base of sedentary work"); accord SSR 85-15 (noting that limitations in climbing and balancing "would not ordinarily have a significant impact on the broad world of work"; limitations in kneeling and crawling would have almost no impact on the occupational base; and limitations in crouching would limit the occupational base for "medium, heavy, and very heavy jobs," but not for light or sedentary work; and "[i]f a person can stoop occasionally . . . the sedentary and light occupational base is virtually intact").

The ALJ also did not err in determining that plaintiff's mental limitations were insufficiently severe to warrant vocational expert testimony.  As discussed above, plaintiff was assessed with only mild limitations in some areas of mental functioning.  The examining psychiatrist concluded that plaintiff's mental limitations presented zero or mild impairment to occupational functioning, and the non-examining State agency physician believed that plaintiff did not have a severe mental impairment at step two.  (AR 217, 230).  In light of this evidence, the ALJ

---

[3]Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).  Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (citing SSR 00-4p).

properly concluded that plaintiff's mental impairments were insufficiently severe to warrant vocational expert testimony.  See Hoopai, 499 F.3d at 1077 (holding that step-two findings that claimant was moderately limited in several areas of mental functioning did not preclude ALJ's reliance on Grids without use of vocational expert).  A remand on this basis is not warranted.

**V.    CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  November 24, 2010

_____
               /s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE